UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREGORY MANGO,<br><br>                               Plaintiff,<br><br>- against -<br><br>BRIGHT MOUNTAIN MEDIA, INC.<br><br>                               Defendant. | Docket No. 1:17-cv-9512<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Gregory Mango ("Mango" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Bright Mountain Media, Inc. ("Bright" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of FDNY captain Paul Washington, owned and registered by Mango, a New York based professional photographer. Accordingly, Mango seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant transacts business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Mango is a professional photographer in the business of licensing his photographs to online and print media for a fee having a usual place of business at 210 17th Street, Unit 3, Brooklyn, New York 11215.

6. Upon information and belief, Bright is a corporation duly organized and existing under the laws of the State of Florida, with a place of business at 6400 Congress Avenue, Suite 2050, Boca Raton, Florida 33487. At all times material hereto, Bright has owned and operated a website at the URL: www.LeoAffairs.com (the "Website").

## STATEMENT OF FACTS

**A.   Background and Plaintiff's Ownership of the Photograph**

7. Mango photographed FDNY captain Paul Washington (the "Photograph"). A true and correct copy of the photograph is attached hereto as Exhibit A.

8. Mango then licensed the Photograph to the New York Post. On August 27, 2017, the New York Post ran an article that featured the Photograph entitled *FDNY captain claims firefighters 'do not run into burning buildings'*. Mango's name was featured in a gutter crediting identifying him as the photographer of the Photograph. A true and correct copy of the article is attached hereto as Exhibit B.

9. Mango is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10.     The Photograph was registered with United States Copyright Office and was given Copyright Registration Number VA 2-068-036.

### B.     Defendant's Infringing Activities

11.     Bright ran an article on the Website entitled *Captain Claims Firefights 'Do Not Run Into Burning Buildings'*. See http://www.leoaffairs.com/fire-news/captain-claims-firefighters-do-not-run-into-burning-buildings/. The article prominently featured the Photograph. A true and correct copy of the article with the Photograph is attached hereto as Exhibit C.

12.     Bright did not license the Photograph from Plaintiff for its article, nor did Bright have Plaintiff's permission or consent to publish the Photograph on its Website.

## FIRST CLAIM FOR RELIEF
## (COPYRIGHT INFRINGEMENT AGAINST BRIGHT)
## (17 U.S.C. §§ 106, 501)

13.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14.     Bright infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Bright is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

15.     The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16.     Upon information and belief, the foregoing acts of infringement by Bright have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

18. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

19. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST BRIGHT
## (17 U.S.C. § 1202)

20. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-19 above.

21. When the Photograph was published in the article in The New York Post, it contained a gutter credit underneath the Photograph stating "Gregory Mango" which is considered copyright management information under 17 U.S.C. § 1202(b).

22. Upon information and belief, in its article on the Website, Bright copied the Photograph from The New York Post and intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

23. The conduct of Bright violates 17 U.S.C. § 1202(b).

24. Upon information and belief, Bright's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

25. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Bright intentionally, knowingly and with the

intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph. Bright also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph.

26. As a result of the wrongful conduct of Bright as alleged herein, Plaintiff is entitled to recover from Bright the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Bright because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

27. Alternatively, Plaintiff may elect to recover from Bright statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Bright be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Claire be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. That, with regard to the First Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or
b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded her costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
December 5, 2017

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Gregory Mango*